IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN H. BOONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1746 (MN) |
| | ) |
| CONNECTIONS COMMUNITY | ) |
| SUPPORT PROGRAMS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Kevin H. Boone, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

Dana Spring Monzo, Esquire, and Kelly Elizabeth Rowe, Esquire, White & Williams, Wilmington, Delaware. Counsel for Defendant.

November 22, 2019
Wilmington, Delaware

*signature: Maryellen Noreika*

**NOREIKA, U.S. District Judge:**

Plaintiff Kevin H. Boone ("Plaintiff"), who appears *pro se* and was granted permission to proceed *in forma pauperis*, is an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. He filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2). Before the Court are Plaintiff's request for counsel, discovery motions, and a motion to supplement or amend his complaint, as well as a motion to dismiss filed by Defendant Connections Community Support Program Inc. ("Defendant"). (D.I. 11, 19, 20, 21).

## I.  BACKGROUND

The Complaint raises medical needs claims under the Eighth Amendment and medical negligence claims under Delaware law. (D.I. 2). A Service Order issued on April 25, 2019. (D.I. 10).

Plaintiff alleges that when he arrived at HRYCI on November 30, 2017, he had been taking a course of antibiotics to treat his diagnosed Lyme disease, informed intake that he had taken approximately half of the prescribed medication, and requested Defendant order the remaining 14-day medication from his physician or pharmacy. (D.I. 2 at 5). After three to four weeks passed and Plaintiff had not received the medication, he submitted a sick call slip. (*Id*.). When he was seen by medical, Plaintiff was informed that Defendant had "dropped the ball" and had not yet spoken to Plaintiff's outside physician or pharmacy. (*Id*.).

On January 10, 2018, Plaintiff submitted a medical grievance because he had yet to receive his medication. (*Id*.). During the informal hearing on January 26, 2018, Plaintiff was told that Defendant's employee had spoken with his physician who indicated that Plaintiff "really didn't

---

[1]  When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

need the medication." (*Id*. at 6). On January 29, 2018, Plaintiff signed a release to allow Defendant to contact his physician. (*Id*. at 6). Plaintiff alleges the signing of the release indicates that either Defendant did not have his consent to contact his physician, or its employee lied about Defendant having spoken to Plaintiff's physician. (*Id*.).

A formal grievance hearing was held in early March 2018, and the grievance was denied. (*Id*.). Plaintiff alleges that at this point, Defendant had not yet tested his blood for Lyme disease. (*Id*.). Plaintiff appealed the denial of the grievance to the Bureau of Healthcare Services, the appeal was denied, and then forwarded to the Bureau Chief who upheld Plaintiff's grievance on July 16, 2018. (*Id*.). Around this time, Defendant's medical staff tested Plaintiff's blood and Plaintiff was administered a 10-day low dose of antibiotics for Lyme disease, nearly eight months after Plaintiff arrived at HRYCI. (*Id*.).

In October 2018, Plaintiff reviewed the March 16, 2018 decision of the Bureau of Healthcare Services and discovered that it stated Plaintiff needed to be immediately tested for Lyme disease and prescribed medication if necessary. (*Id*. at 6-7). Plaintiff alleges that approximately four months passed from the decision before he was tested for Lyme Disease. (*Id.* at 7). Plaintiff alleges that when his blood was tested, he was told by the medical provider that Defendant had left voice mails for Plaintiff's physician and pharmacy, that neither contacted Defendant, and that Defendant made no further attempts to contact Plaintiff's physician and pharmacy. (*Id*.). Plaintiff seeks compensatory damages. (*Id*. at 8).

Defendant's dismiss seeks dismissal for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) the Complaint fails to state a § 1983 claim against it; (2) the Complaint fails to provide facts connecting Defendant to the actions or inactions of its employees; (3) the Complaint fails to alleged deliberate indifference by

2

any of Defendant's employees; (4) the Complaint does not allege a policy or custom to establish Defendant's liability; (5) the medical neglect claims do not comply with Delaware law; and (6) HIPAA does not create a private cause of action. Plaintiff opposes the motion. (D.I. 23).

## II. LEGAL STANDARD

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*,

3

132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. DISCUSSION

#### A. Medical Needs/Policy or Custom

Defendant seeks dismissal on the grounds that the Complaint does not state a § 1983 claim against it and does not allege a policy or custom that demonstrates deliberate indifference to hold it liable.

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that Defendant is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

As is well-established, the legal standard when ruling on Rule 12(b)(6) motions is identical

to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court previously reviewed Plaintiff's allegations and found that he stated what appear to be cognizable and non-frivolous claims. (*See* D.I. 10). Nothing has changed since that ruling. Nonetheless, the Court has revisited the allegations, liberally construed them as it must, and finds that Plaintiff adequately raises medical needs claims under the Eighth Amendment.

There is no dispute that Defendant is responsible for inmate care at HRYCI. It is alleged that Plaintiff has a serious medical condition, that his condition requires blood tests and medication, that he alerted Defendant or its employees of his condition, and that the Bureau of Healthcare Services issued a decision that Plaintiff should be tested immediately for Lyme disease but the blood test did not take place until four months later. Plaintiff is not required to recite the specific text or official policy. He must only place Defendant on notice as to its alleged improper conduct and the policy in place that created such conduct.

Liberally construing the allegations, Plaintiff adequately states a claim against Defendant. While discovery may show that Defendant acted properly, at this early stage of the litigation, Plaintiff has pled sufficient facts to proceed against it. Therefore, the Court will deny the motion to dismiss claims raised pursuant to 42 U.S.C. § 1983.

### B. Medical Negligence

To the extent Plaintiff seeks to raise a medical negligence claim he must comply with the requisites of Delaware's Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard

of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. To the extent Plaintiff alleges medical negligence, at the time he filed his Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). He did not.

Therefore, the Court will grant the motion to dismiss the medical negligence claims raised under Delaware law.

**C. HIPAA**

It is not clear if Plaintiff intended to raise a claim under HIPAA, (*i.e.*, Health Insurance Portability and Accountability Act of 1996) ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), although he does allege that Defendant may have contacted his physician without a signed consent.

It has been commonly recognized that HIPAA does not create a private cause of action. HIPAA creates its own enforcement mechanism under 42 U.S.C. § 300gg-22, which limits enforcement actions to the states or the Secretary of Health and Human Services. *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 469 (D.N.J. 2013) ("The ability to bring an enforcement action to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA complaint, lies within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens."). Accordingly, an alleged HIPAA violation does not give rise to a cognizable claim under § 1983. *See Jackson v. Mercy Behavioral Health*, C.A. No. 14-1000, 2015 WL 401645, at *4 (W.D. Pa. Jan. 28, 2015) (citations omitted); *Ball v. Famiglio*, C.A. No. 1:11-CV-

6

1834, 2012 WL 1886676, at *11 (M.D. Pa. Mar. 14, 2012); *Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011).

Therefore, the Court will grant the motion to dismiss the HIPAA claim to the extent Plaintiff intended to raise such a claim.

## IV. <u>MISCELLANEOUS MOTIONS</u>

### A. Request for Counsel

Plaintiff seeks counsel on the grounds that he has alleged a cognizable and non-frivolous claim. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel may be appropriate, however, under certain circumstances, *i.e.*, after a finding that a plaintiff's claim has arguable merit in fact and in law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery*

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

7

*v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. A review of the Complaint indicates that the issues are not complex. In addition, to date, the filings demonstrate Plaintiff's ability to articulate his claims and represent himself. Also, this case is in its early stages, Defendant has not yet answered, and the Court has not yet entered a scheduling and discovery order. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. (D.I. 11).

### B. Discovery Motions

Plaintiff filed a notice of records deposition and duces tecum (D.I. 18) seeking his complete medical records from non-party HRYCI, a motion to compel (D.I. 19) for Defendant to provide discovery (although the discovery sought is not identified), and a motion to include new information for records deposition (D.I. 20) that also appears to seek to amend or add new allegations to Plaintiff's Complaint.

The discovery motions will be denied without prejudice as premature. To date, the Court has not entered a scheduling and discovery order and no discovery has taken place. To the extent Plaintiff seeks to subpoena records from a non-party, he must comply with the Federal Rules of Civil Procedure, including Rules 34 and 45. Finally, to the extent Plaintiff seeks to amend his Complaint with the information contained in Docket Item 20, he shall comply with Local Rule 15.1. Rule 15.1 provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading

which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Should Plaintiff seek to file an amended complaint, it shall contain all claims in one pleading.

## V. **CONCLUSION**

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 11); (2) deny without prejudice as premature Plaintiff's requests for records deposition and subpoena duces tecum, motion to compel discovery, and motion to include new information for records deposition (D.I. 18, 19, 20); and (3) grant in part and deny in part Defendant's motion to dismiss (D.I. 21).

An appropriate order will be entered.