**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KEVIN H. BOONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1746 (MN) |
| | ) |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, | ) ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

1. **Introduction**.  Plaintiff Kevin Boone, an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2).  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5). Plaintiff alleges that Defendant was deliberately indifferent to his serious medical needs.  Before the Court are Plaintiff's motion to suspend filing fee payments and motion to amend..  (D.I. 29, D.I. 31).

2. **Motion to Suspend Filing Fee Payments**.  Plaintiff asks the Court to suspend the assessed filing fee payments on the grounds that he has been granted leave to proceed *in forma pauperis* and he does not have "three strikes."  (D.I. 29).  The motion will be denied.

3. Plaintiff misconstrues 28 U.S.C. § 1915.  When Plaintiff's motion to proceed *in forma pauperis* was granted, the Court assessed a $350.00 filing fee and an initial partial filing fee of $4.24 as required by 28 U.S.C. § 1914(a) and § 1915(3)()(1).  (D.I. 5).  Section 1915 provides that if a prisoner brings a civil action *in forma pauperis*, he shall be required to pay the full amount of the filing fee.  28 U.S.C. § 1915(b)(1).  The fact that Plaintiff does not have "three strikes"

1

under 28 U.S.C. § 1915(g) does not relieve him of his obligation to pay the filing fee. Plaintiff opted to file this lawsuit, and he is required by statute to pay the filing fee, either by paying the filing fee in full or in payments as assessed by the Court. 28 U.S.C. § 1914; 28 U.S.C. § 1915.

4. **Motion to Amend**. Plaintiff moves to amend his Complaint by adding new claims of negligence and *res ipsa loquitur*. (D.I. 31). The motion will be denied. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice so requires" and this includes amendment to cure defective allegations. *See Shifflett v. Korszniak*, 934 F.3d 356, 366-67 (3d Cir. 2019) (citing 6 Wright & Miller, Federal Practice and Procedure: Civil § 1474 (3d ed. 2019) ("A . . . common use of Rule 15(a) amendments is to correct insufficiently stated claims or defenses. Typically, amendments of this character involve either adding a necessary allegation in order to state a claim for relief or correcting a misnomer of a party to the action."). However, undue delay, bad faith, dilatory motive, prejudice, and futility may justify denial of leave to amend. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

5. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. 2018) (quoting *Shane*, 213 F.3d at 115). In evaluating whether a plaintiff has stated a claim upon which relief could be granted, the court accepts "all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015) (internal quotation mark omitted).

6. Plaintiff has raised claims regarding his medical care and treatment under 42 U.S.C. § 1983 and he proceeds on those claims. The proposed amended complaint seeks to add a

negligence claim and a claim under *res ipsa loquitur*.  There is futility in amending as to both claims.

7.  Plaintiff proposes a negligence claim.  As is well-established, allegations of medical malpractice are not sufficient to establish a Constitutional violation.  *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

8.  In addition, the standard of care in Eighth Amendment medical needs cases is deliberate indifference to a serious medical need.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Because the standard of care is not negligence, "*res ipsa loquitur* does not apply." *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (citing *Sweeney v. Erving*, 228 U.S. 233, (1913)); *see also Rascon v. Douglas*, 718 F. App'x 587, 590 (10th Cir. 2017).  Here, Plaintiff seeks to add negligence and *res ipsa loquitur* claims, neither of which is cognizable under 42 U.S.C. § 1983.  Therefore, the motion to amend will be denied.  (D.I. 31).

9.  **Conclusion**.  Based upon the above discussion, the Court will deny Plaintiff's motions.  (D.I. 29; D.I. 31).  A separate order shall issue.

The Honorable Maryellen Noreika
United States District Judge

August 5, 2020
Wilmington, Delaware